**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-2162**

BRENDA BRYANT,

        Plaintiff – Appellee,

      v.

CITY OF CAYCE; M. L. BRAKEFIELD, South Carolina Cayce
Police Officer, individually and as agent and employee of
the City of Cayce,

        Defendants – Appellants,

      and

W. E. ACKERMAN; OFFICER POPENHAGEN; MASTERS ECONOMY INN,
INCORPORATED; ROGER ARMSTRONG, Manager,

        Defendants.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Matthew J. Perry, Jr., Senior
District Judge.  (3:06-cv-00333-MJP)

Argued: March 25, 2009         Decided: May 8, 2009

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished opinion.  Judge Shedd wrote
the opinion, in which Judge Motz and Judge Traxler joined.

**ARGUED:** Andrew Lindemann, DAVIDSON & LINDEMANN, PA, Columbia,
South Carolina, for Appellants.  David C. Gibbs, III, GIBBS LAW

FIRM, PA, Seminole, Florida, for Appellee. **ON BRIEF:** William H. Davidson, Matthew B. Rosbrugh, DAVIDSON & LINDEMANN, PA, Columbia, South Carolina, for Appellants.

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

As is relevant here, Brenda Bryant brought this action under 42 U.S.C. § 1983 against Officer M.L. Brakefield – an officer with the Department of Public Safety of the City of Cayce, South Carolina. Among other things, Bryant alleged that her rights under the Fourth and Fourteenth Amendments were violated when Brakefield arrested her for trespassing. After Bryant moved for summary judgment, the district court ruled that Brakefield was not entitled to qualified immunity. Brakefield now appeals.[1] We vacate the district court's denial of summary judgment to Brakefield and remand this case for further proceedings.

I

"In reviewing the denial of summary judgment based on qualified immunity, we accept as true the facts that the district court concluded may be reasonably inferred from the record when viewed in the light most favorable to the plaintiff." Waterman v. Batton, 393 F.3d 471, 473 (4th Cir. 2005). "To the extent that the district court has not fully set

---

[1] The City of Cayce, which was a defendant below, also appealed the district court's denial of summary judgment. However, the only issue the appellants present for our review is whether the district court erred by denying Brakefield summary judgment. Therefore, this is the only issue we address in our opinion.

forth the facts on which its decision is based, we assume the facts that may reasonably be inferred from the record when viewed in the light most favorable to the plaintiff." Id. With these principles in mind, we will summarize the facts which are pertinent to this appeal.

On April 28, 2005, Bryant checked into the Masters Economy Inn in Cayce. Her husband registered for the room in his name, reserved the room for one night, and paid for it in cash. However, Bryant signed the hotel's Guest Registration form, which stated that the hotel's check-out time was 11:00 a.m. the following day and that guests staying past 11:00 a.m. would be charged for an additional day.

Sometime the next morning before 11:00 a.m. Bryant telephoned the hotel's front desk and asked to extend her stay another day. The person Bryant spoke with agreed she could stay another day and that her husband could stop by later that day to pay for the additional day. At some point around 11:00 a.m., the hotel's manager, Robert Armstrong, came to Bryant's room and advised her that she would have to leave the hotel because no arrangement had been made for her to continue to stay there. Armstrong then called the Cayce Department of Public Safety.

Brakefield responded to Armstrong's call. When he arrived at the Masters Economy Inn, Armstrong informed him that he had directed Bryant to vacate the premises. Brakefield then went to

4

Bryant's room and informed her that she was not a registered guest and that she needed to leave the premises. When Bryant left the room, she was presented with a document titled "Cayce Department of Public Safety Trespass Warning" (the "Trespass Warning").

The Trespass Warning, which both Brakefield and Bryant signed, stated that she was warned to depart the Masters Economy Inn and not to return. Bryant was also warned not to enter onto the property of any other hotel or motel in Cayce.[2] Moreover, Brakefield stated in an affidavit that he believed Bryant was prohibited from trespassing at any hotel or motel within Cayce. J.A. 121.[3] However, after signing the Trespass Warning, Bryant

---

[2] In a section of the Trespass Warning titled "Additional Information," the following handwritten notation appears: "All Motels/Hotels in Cayce." J.A. 174. Bryant later testified that she understood what the Trespass Warning meant and could comprehend the phrase "[a]ll motels/hotels in Cayce." J.A. 321.

[3] A number of motels/hotels in Cayce entered into a "Trespassing Agreement" with the Cayce Department of Public Safety and with each other. Under the Trespassing Agreement, all of the signatories agreed "to uphold trespass notices given to individuals by the City of Cayce Department of Public Safety on this and other lodging properties in the City . . . . These persons shall also not be allowed to utilize or be physically on, around or in any facilities of this property. I furthermore request that any persons placed on trespass notice on this or any other lodging business or property in the City of Cayce, and who are found on this property, be prosecuted for trespassing and any other criminal offenses applicable." J.A. 163-64. Representatives of both the Masters Economy Inn and the Knights Inn in Cayce signed the Trespassing Agreement.

walked away from the Masters Economy Inn and onto the premises of the Knights Inn – another hotel in Cayce which was about a quarter of a mile away.  After walking onto the Knights Inn's property, Bryant went inside the hotel's lobby and received permission to use the telephone.  Around that time, Brakefield arrived at the Knights Inn.  He intended to inform the hotel's management that Bryant had been given a Trespass Warning.  As Brakefield entered the lobby, he encountered Bryant.  He informed her that she was trespassing on Knights Inn's property and arrested her for trespass after notice in violation of S.C. Code Ann. § 16-11-620.[4]

Cayce prosecuted Bryant in municipal court for this trespass.  At the close of Cayce's case, Bryant moved for a directed verdict, which the judge denied.  However, a jury found Bryant not guilty.

Bryant then commenced this action seeking, inter alia, monetary damages under § 1983 because her constitutional rights

---

[4] Section 16-11-620 provides: "Any person who, without legal cause or good excuse, enters into the dwelling house, place of business, or on the premises of another person after having been warned not to do so or any person who, having entered into the dwelling house, place of business, or on the premises of another person without having been warned fails and refuses, without good cause or good excuse, to leave immediately upon being ordered or requested to do so by the person in possession or his agent or representative shall, on conviction, be fined not more than two hundred dollars or be imprisoned for not more than thirty days."

were allegedly violated when Brakefield arrested her. Brakefield moved for summary judgment based in part on the defense of qualified immunity. In an oral ruling from the bench, the district court denied Brakefield summary judgment on his qualified immunity defense. This appeal followed.

II

A.

The doctrine of qualified immunity protects government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct." Saucier v. Katz, 533 U.S. 194, 205 (2001). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

When government officials properly assert the defense of qualified immunity, they are entitled to summary judgment if either (1) the facts the plaintiff has alleged or shown do not make out a violation of a constitutional right – a question on which the plaintiff bears the burden of proof; or (2) the right

7

at issue was not "clearly established" at the time of the defendant's alleged misconduct – a question on which the defendant bears the burden of proof. Saucier, 533 U.S. at 201; Henry v. Purnell, 501 F.3d 374, 377-78 (4th Cir. 2007). We need not address these questions in any particular order, Pearson v. Callahan, 129 S.Ct. 808, 818 (2009), and our inquiry ends if we resolve either question against the plaintiff, see Henry, 501 F.3d at 377.

B.

At the outset of our analysis, we address Bryant's argument that we lack jurisdiction over this appeal. In general, we have jurisdiction to review "final decisions" of district courts, 28 U.S.C. § 1291, and "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment," Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). However, "[i]f summary judgment was denied as to a particular claim solely because there is a genuine issue of material fact, that claim is not immediately appealable and we lack jurisdiction to consider it." Iko v. Shreve, 535 F.3d 225, 235 (4th Cir. 2008).

Bryant contends that we lack jurisdiction because the district court's decision did not turn on an issue of law. Instead, she argues, the district court denied Brakefield

8

qualified immunity because she raised a genuine issue of material fact. We disagree with Bryant's characterization of the district court's decision. In the relevant portion of its ruling, the district court stated:

> I'm of the view that assuming the truth of the plaintiff's allegations, that is still a matter that would have to be proven at trial, that in arresting the plaintiff the officer acted in violation of the constitution. Because the evidence does not accept that the plaintiff was acting in violation of any law when she was placed under arrest. And, thus, assuming the truth of the plaintiff's allegations, her arrest would have been in violation of the due process clause of the Fourteenth Amendment.

J.A. 638-39. As this language makes clear, the district court did not deny Brakefield qualified immunity because the parties disputed a genuine issue of material fact. Rather, the district court viewed the facts in the light most favorable to Bryant and then decided as matter of law that her constitutional rights were violated. Accordingly, we have jurisdiction over the district court's ruling.

C.

We now turn to the merits of Brakefield's arguments on appeal. He contends that the district court erred by not granting him qualified immunity with respect to three of Bryant's claims – her Fourth Amendment, Fourteenth Amendment, and related conspiracy claims. As set forth below, we hold that

9

the district court erred by not granting Brakefield summary judgment on these claims.

1.

In her complaint, Bryant alleged that Brakefield violated her Fourth Amendment rights by arresting her without probable cause. Under Supreme Court precedent, "a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 152 (2004). Probable cause exists if the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person . . . in the circumstances shown, [to conclude] that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). "The validity of the arrest does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." Id. at 36.

Based on the facts known to Brakefield at the time he arrested Bryant, we conclude that a reasonable officer would have had probable cause to believe that she had committed a criminal offense. As indicated above, South Carolina law makes it unlawful for a person without legal cause or good excuse to

10

enter a place of business after having been warned not to do so. See S.C. Code Ann. § 16-11-620. At the time of her arrest, both Brakefield and Bryant knew that she had been warned not to return to the Masters Economy Inn. Moreover, Bryant was warned not to enter the property of any other hotel or motel in Cayce, and Brakefield stated that he knew Bryant was prohibited from entering the property of any hotel or motel within Cayce.[5] Minutes after she signed the Trespass Warning in his presence, Brakefield saw Bryant on the premises of the Knights Inn in Cayce. Her presence at the Knights Inn gave Brakefield probable cause to believe that she had committed a crime – namely, a violation of S.C. Code Ann. § 16-11-620. Therefore, the district court erred by denying Brakefield summary judgment on Bryant's Fourth Amendment claim.

2.

Bryant's complaint also alleged that Brakefield violated her Fourteenth Amendment rights when he arrested her. However, the facts Bryant has alleged or shown do not make out a violation by Brakefield of any of her rights recognized under

---

[5] Although Bryant contends that the Trespassing Agreement is unlawful, we find that this argument does not negate the presence of probable cause because, at a minimum, a reasonable officer in Brakefield's position would not have known that the Trespassing Agreement was unlawful at the time of the arrest. See Michigan, 443 U.S. at 38 ("Police are charged to enforce laws until and unless they are declared unconstitutional.").

11

the Fourteenth Amendment. Thus, the district court erred by not granting Brakefield summary judgment on Bryant's Fourteenth Amendment claims.

3.

In addition to her Fourth and Fourteenth Amendment claims, Bryant's complaint also alleged that Brakefield entered into an unlawful conspiracy to deprive her of her federal constitutional rights. "To establish a civil conspiracy under § 1983, . . . [the plaintiff] must present evidence that the [defendants] . . . acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiff's] . . . deprivation of a constitutional right." Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). Here, the facts do not establish that Brakefield deprived Bryant of any constitutional rights. Consequently, we conclude that Brakefield is entitled to summary judgment on Bryant's conspiracy claim.

III

Based on the foregoing, we vacate the district court's denial of summary judgment to Brakefield and remand for further proceedings consistent with this opinion.

VACATED AND REMANDED

12